STATE ex rel. PRICE, Respondent, v.
JARVI et al., Appellants

(34 N. W.2d 277.)

(File No. 8977.   Opinion filed October 26, 1948.)

**Gale B. Wyman,** of Belle Fourche, for Appellants.
**Smiley & Clark,** of Belle Fourche, for Respondent.

PER CURIAM.   This is a proceeding in habeas corpus instituted by Charlene Price to obtain custody of her four-

teen month old daughter. Before hearing in the circuit court defendants filed a petition in the county court seeking to have the infant declared a dependent or neglected child. The county court awarded custody of the child pending hearing to the petitioners, defendants herein. When the writ of habeas corpus came before the circuit court, defendants sought a dismissal on the ground that the institution of the dependency proceeding and the order of the county court deprived the circuit court of jurisdiction. The circuit court entered its judgment awarding temporary custody of the child to the mother and providing that she produce the child in county court at the dependency hearing. From this judgment defendants have appealed.

The sole question presented is whether commencement of the proceeding in the county court terminated the jurisdiction of the circuit court to hear and determine the mother's petition in habeas corpus. The provisions of Chapter 43.03, South Dakota Code of 1939, are relied upon as having vested such exclusive jurisdiction in the county court. That court is vested with "original jurisdiction in all proceedings coming within the terms of this chapter." § 43.0302. "Any resident of this state may file with the clerk of courts a petition in writing setting forth that a certain child, naming it, within the county, is either dependent, neglected, or delinquent," as defined in the statute, and "that it is for the interests of the child and this state that the child be declared to be a neglected, dependent, or delinquent child". § 43.0305. "At any time after the filing of the petition and pending the final disposition of the case, the [county] court may continue the case from time to time and may allow the child to remain in possession of its custodian or in its own home subject to the friendly visitation of a probation officer, or it may order the child to be placed in the custody of a probation officer of the court, or of any other suitable person appointed by the court, or to be kept in some suitable place provided by the city or county authorities." § 43.0309. "An appeal may be taken to the Circuit Court from a judgment, decree, or order of the county court under the provisions of this chapter". §43.0333.

■ The legislature did not intend by the enactment of the juvenile law to deprive circuit courts of jurisdiction to determine conflicting claims to the custody of minor children. Where the contest is between the parents or between a parent and a third person the circuit court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. The county court has no jurisdiction of such controversies. The courts "have manifested a distinct tendency to confine the jurisdiction of the juvenile courts within the limitations imposed by statute, namely, to cases involving neglected or delinquent minors, and not to encroach upon the jurisdiction in respect to minors theretofore existing in courts of general jurisdiction." Annotation, 78 A. L. R. 317. The judgment of the circuit court recognizes the jurisdiction of the county court to determine the question of the alleged dependency or neglect and does not prevent the county court from finding that the child is dependent or neglected and thereafter making orders concerning custody of the child. With respect to temporary custody, the two courts may have simultaneous though not concurrent jurisdiction. In this case, where the circuit court assumed jurisdiction in the habeas corpus proceeding and awarded temporary custody to the parent, its order remains in force.

The judgment appealed from is affirmed.

All the Judges concur.